UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDY CHUNG,

        Plaintiff,

      v.

PSRB DIRECTOR,

        Defendant.

6:14-cv-952-TC

FINDINGS AND
RECOMMENDATION

COFFIN, Magistrate Judge.

    Plaintiff's Application to Proceed *in forma pauperis* (#1) is allowed. However, for the reasons set forth below, this action should be dismissed *sua sponte* for lack of jurisdiction and failure to state a claim. 28 U.S.C. § 1915(e)(2); see also Sparling v. Hoffman Constr. Co., 864 F.2d 635, 637 (9th Cir. 1988).

    Plaintiff alleges "I was "attacked on 4/19/2014 by my roommate's boyfriend Tyson, because the PSRB allow Tyson to come

1 - FINDINGS AND RECOMMENDATION

to (Stepping Stones Group Home) as a regular visitor." Plaintiff alleges in Claim II and Claim III that he has been "punished" by the PSRB because of an alleged "threat" on his Facebook page about a "protest in demonstration" (sic).

Plaintiff alleges "federal question" jurisdiction based on "discrimination." Plaintiff does not name a specific individual defendant. The court assumes that plaintiff's reference to the "PSRB" intends to refer to the Oregon Psychiatric Security Review Board.

"In federal court, dismissal for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cervantes v. City of San Diego, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)); Tanner v. Heise, 879 F.2d 572, 576 (9th Cir. 1989). In making this determination, this court accepts all allegations of material fact as true and construes the allegations in the light most favorable to the nonmoving party. Tanner, 879 F.2d at 576.

In cases involving a plaintiff proceeding *pro se*, this court construes the pleadings liberally and affords the plaintiff the benefit of any doubt. McGuckin v. Smith, 974 F.2d 1050, 1055 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Dept., 839 F.2d

2 - FINDINGS AND RECOMMENDATION

621, 623 (9th Cir. 1988).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, this court supplies the plaintiff with a statement of the complaint's deficiencies. McGuckin, 974 F.2d at 1055; Karim-Panahi, 839 F.2d at 623-24; Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a complaint shall include "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends ..., (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks." "Each averment of a pleading shall be simple, concise and direct." Fed. R. Civ. P. 8(e).

A district court has the power to dismiss a complaint when a plaintiff fails to comply with Federal Rules of Civil Procedure 8(a) and 8(e). McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

If the factual elements of a cause of action are scattered

D

throughout the complaint but are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a) is proper. <u>Sparling v. Hoffman Constr. Co.</u>, 864 F.2d 635, 640 (9th Cir. 1988); <u>see also</u>, <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 674 (9th Cir. 1981).

In order to state a claim against a named defendant, plaintiff must allege specific facts about that defendant and identify how that defendant's conduct violated his rights. General allegations are insufficient. The absence of any factual allegations against a named defendant will entitle that defendant to have the complaint dismissed as to him, pursuant to Fed. R. Civ. P. 12(b). <u>Polk v. Montgomery County</u>, 548 F. Supp. 613, 614 (D.Md. 1982). <u>See also</u>, <u>Morabito v. Blum</u>, 528 F.Supp. 252, 262 (S.D. N.Y. 1981). Although pro se complaints are to be interpreted liberally, <u>Haines v. Kerner</u>, 92 S.Ct. 594 (1972), the court may not supply essential elements that are not pleaded. <u>Ivey v. Board of Regents</u>, 673 F.2d 266 (9th Cir. 1982).

I find that the complaint before the court does not meet the minimal pleading requirements of the federal rules. Assuming that the pleading deficiencies could be cured by amendment, plaintiff's allegations fail to state a claim for the reasons discussed below.

As noted above, plaintiff's allegations are apparently intended to allege a claim against the director of the Oregon

4 - FINDINGS AND RECOMMENDATION

Psychiatric Security Review Board.    The Psychiatric Security Review Board ("PSRB") is an agency of the State of Oregon.

<u>Eleventh Amendment Immunity:</u>  Eleventh Amendment immunity applies. A state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States.  <u>Board of Trustees of University of Alabama v. Garrett</u>, 531 U.S. 356 (2001); <u>Seminole Tribe of Florida v. Florida</u>, 517 U.S. 44, 54 (1996);  <u>see also</u>, <u>Quern v. Jordan</u>, 440 U.S. 332 (1979); <u>Edleman v. Jordan</u>, 415 U.S. 651, 673 (1984);  <u>Pennhurst State School and Hospital v. Halderman</u>, 465 U.S. 89 (1984).  The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought.  <u>Cory v. White</u>, 457 U.S. 85 (1982); <u>Brooks v. Sulpher Springs Valley Elec. Co-Op</u>, 951 F.2d 1050, 1053 (9th Cir. 1991).

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." <u>Mitchell v Los Angeles Community College Dist.</u>, 861 F.2d 198, 201-02 (9th Cir. 1999).  Under the "arm of the state" doctrine, a state entity and its officers in their official

capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Ford Mtor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different than a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Thus, to the extent that plaintiff seeks to hold the "PSRB Director" liable in his or her official capacity, plaintiff's claims are barred by the Eleventh Amendment.

*Respondeat superior*: Plaintiff apparently seeks to hold defendant liable under a theory of *respondeat superior.*

It is well settled that respondeat superior is not a proper basis for liability under 42 U.S.C. § 1983. Monell v. Dept. of Social Services of City of New York, 436 U.S. 658, 691-694 (1978); Rizzo v. Goode, 423 U.S. 362, 375-76 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987). To establish a § 1983 claim against an individual defendant, a plaintiff must establish personal participation by the defendant in the alleged constitutional deprivation. Ashcroft v. Iqbab, 129 S.Ct. 1937 (2009).

A "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984). See also, Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (supervisory liability only when a) actual or constructive knowledge of a pervasive and unreasonable risk of injury; b) deliberate indifference to or tacit authorization of the practice; and c) an affirmative causal link between inaction and the injury). Supervisory officials may also be liable if they "implement a policy so deficient that the policy `itself is a repudiation of constitutional rights' and is `the moving force of the constitutional violation.'" Redman v. County of San Diego, 924 F.2d 1435, 1446 (9th Cir. 1991), cert. denied, 112 S. Ct. 972 (1992).

Plaintiff has not alleged any facts that would establish that the "PSRB Director" personally participated in the alleged conduct he complains of or any facts that would subject the named defendant to liability

## CONCLUSION

Plaintiff's Application to Proceed In forma Pauperis (#1) is allowed. However, plaintiff's complaint should be dismissed for

failure to state a claim. Because the deficiencies of the complaint cannot be cured by amendment, the dismissal should be with prejudice. The Clerk of the Court should be directed to enter a judgment accordingly.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

/////

/////

/////

/////

8 - FINDINGS AND RECOMMENDATION

*Any appeal from an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.*

DATED this 29 day of July, 2014.

_____

Thomas M. Coffin
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION